IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


JASON MURPHY,              )
                           )
     Plaintiff,            )
                           )    CIVIL ACTION NO.
     v.                    )    2:04cv1218-MHT
                           )       (WO)
BILL FRANKLIN, etc.,       )
et al.,                    )
                           )
     Defendants.           )

OPINION AND ORDER

Plaintiff Jason Murphy brings this lawsuit against
defendants Bill Franklin (in his individual capacity as
Sheriff of Elmore County, Alabama) and Gary Bowers (in
his individual capacity as administrator of the Elmore
County Jail) under the Fourth, Fifth, and Fourteenth
Amendments to the United States Constitution, as enforced
through 42 U.S.C. § 1983.  Murphy alleges that, as a
pretrial detainee in Elmore County Jail, he was subjected
to treatment that was punitive, degrading, inhumane, and
which served no valid penological purpose, and that he

was afforded no hearing or other avenue to object to such
treatment when it occurred.[1]


I.

According to Murphy,[2] he was detained in the Elmore
County Jail after being arrested by the Elmore County
Sheriff's Department on December 30, 2003.   Without
explanation, he was moved into a 'lockdown' cell for one
day, in which his right hand was cuffed to the frame of
his cot and his right leg was shackled to the other end
of the cot's frame.   Again without explanation, he was

---

1. The allegations of mistreatment here are almost
identical to allegations of mistreatment by other
prisoners at Elmore County Jail.   See Brinson v.
Franklin, No. 2:04cv1217-F, slip op. (M.D. Ala. October
3, 2005) (magistrate judge recommendation); Johnson v.
Franklin, No. 2:04cv671-C, slip op. (M.D. Ala. Oct. 5,
2005) (magistrate judge opinion); Cotney v. Franklin,
2005 WL 1514047 (M.D. Ala. June 24, 2005); see also Adams
v. Franklin, 111 F.Supp. 2d 1255 (M.D. Ala. 2000).

2. Because this case is currently before the court
on a motion to dismiss, the court accepts the plaintiff's
allegations as true, Hishon v. King & Spalding, 467 U.S.
69, 73 (1984), and construes the complaint in the
plaintiff's favor, Duke v. Cleland, 5 F.3d 1399, 1402
(11th Cir. 1993).

then moved to an isolation cell, where he was shackled hands-to-feet to the toilet, which is actually nothing more than a hole in the ground covered by a grate. He was held in this configuration for almost 12 days and was not released to allow urination or defecation, which caused him to soil himself. He was also not given any personal necessities such as clean, dry clothing, personal hygiene items, or bedding.

## II.

Franklin and Bowers filed a motion to dismiss that was referred to a magistrate judge. In her recommendation, the magistrate judge recommended that the case be dismissed with prejudice in its entirety. She explained that the Fifth Amendment claims were improper because that amendment applies only to the federal government and that all claims for punitive damages should be dismissed under the Eleventh Amendment. She also explained that the Fourth Amendment claims failed

because claims involving mistreatment of pretrail detainees are governed by the due process clause of the Fourteenth Amendment. With respect to the Fourteenth Amendment claims, the magistrate judge found that Murphy's complaint failed to meet the heightened pleading requirement that the Eleventh Circuit Court of Appeals has developed for § 1983 cases and failed to state a claim for a violation of his procedural-due-process rights.

Murphy filed objections to the magistrate judge's recommendation, arguing that the recommendation erred in concluding that the Fourteenth Amendment claims should be dismissed. He may also have objected to the magistrate judge's conclusion that the Fourth Amendment claims should be dismissed.[3]

---

3. Murphy cites only two conclusions reached by the magistrate judge, that the substantive-due-process and procedural-due-process claims should be dismissed, as the basis for his objections. However, near the end of his brief he also references the Fourth Amendment claims.

4

III.

For the reasons that follow, the court will sustain Murphy's objection with respect to the substantive-due-process claim and overrule his objection with respect to the procedural-due-process claim.  To the extent Murphy objected to the magistrate judge's recommendation on the Fourth Amendment claims, that objection will also be overruled.  Although Murphy did not raise this objection, the court will also depart from the magistrate judge's recommendation to the extent it suggests dismissing the claims for punitive damages.


A. Substantive Due Process

Section 1983 claims may not proceed under a theory of respondeat superior.  <u>Belcher v. City of Foley</u>, 30 F.3d 1390, 1396 (11th Cir. 1994).  Thus, Murphy may proceed against the defendants only under supervisory liability, which arises either when the supervisor personally participates in the alleged constitutional violation or

5

when the actions of the supervising official are causally connected to the alleged constitutional violation. Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003). The complaint does not allege that Bowers or Franklin personally participated in the alleged misconduct, so Murphy may proceed only under supervisory liability premised on a causal connection.

"A causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when the supervisor's improper custom or policy resulted in deliberate indifference to constitutional rights." Id. (internal quotations and citation omitted). A causal connection can also be established if allegations support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so. Id. Murphy's complaint alleges that

Franklin promulgates all policies and procedures at the
Elmore County Jail and that Bowers supervises the jail.
It also alleges that Franklin ordered Murphy removed from
his cell for an interview and then reshackled to the
toilet grate.

The magistrate judge concluded that these facts were
not sufficient to meet the heightened pleading
requirement established by the Eleventh Circuit in § 1983
cases premised on supervisory liability. <u>Passmore Swann
v. S. Health Partners, Inc.</u>, 388 F.3d 834, 837 (11th Cir.
2004). Although the complaint alleges that Franklin
promulgated, and Bowers implemented, official policies at
Elmore County Jail, it does not allege that Murphy was
subjected to mistreatment pursuant to any specific
official policy. Thus, the complaint fails to explicitly
state a key step in the logical chain of supervisory
liability.

However, at least with respect to Franklin, the court
believes the complaint alleges facts that outline a

7

theory of supervisory liability with sufficient specificity. If Franklin ordered Murphy shackled to the toilet grate for no apparent reason on one occasion, a reasonable inference arises that he was at least aware of the policy or practice of shackling inmates in that exact manner as punishment for breaking jail rules and did nothing to stop it. Moreover, it is obvious from reading the complaint that Murphy's claim is premised on the understanding that his mistreatment occurred pursuant to an official policy promulgated by Franklin and implemented by Bowers. Though the complaint fails to explicitly say so, the court does not find it appropriate to bar all possibility of relief for what may be egregious violation of Murphy's civil rights based solely on a technical oversight in his complaint.

Accordingly, the court will sustain Murphy's objection to the magistrate judge's recommendation to dismiss this claim with prejudice. Instead, the court will grant Murphy leave to amend his complaint to include

8

specific details regarding the missing step in the chain of supervisory liability.  When he amends his complaint, Murphy may also find it helpful to reference the numerous allegations by other inmates at Elmore County Jail that detail almost identical treatment, see supra note 1, as that information could support a constructive notice theory of supervisory liability to buttress his causal connection theory of supervisory liability.

### B. Procedural Due Process

Murphy contends he was denied procedural due process because he was punished without an adequate hearing.  His reliance on Bell v. Wolfish, 441 U.S. 520 (1979), to support this argument is misplaced.  The discussion in Bell makes clear that any such punishment of a pretrial detainee without adequate hearings is a violation of substantive due process, not procedural due process.  See id. at 534-35 (noting that right to be free from punishment in pretrial context is a fundamental liberty

interest and referencing the substantive due process rights of a parent to choose their child's education, marital privacy, and bodily privacy). Therefore, Murphy's due process claim, to the extent it relies on a theory of punitive steps taken against a pretrial detainee without any hearing, is actually a substantive due process claim, not a procedural due process claim.

Murphy's complaint also states that he was denied procedural due process because the jail did not create official administrative remedies for such mistreatment and his unofficial complaints were ignored. However, "a procedural due process violation is not complete unless and until the State fails to provide due process." McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994). A state "may cure a procedural deprivation by providing later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise."   Id.

Murphy's complaint does not allege that all state remedies were foreclosed to him. Although he alleges that any administrative remedies at the jail were exhausted, he does not claim that he was barred from seeking relief from the state courts. In fact, a state-law remedy was available to him. Although a sheriff and the sheriff's subordinates are granted immunity from state-law actions for personal liability arising from their actions and omissions in their official capacities, the sheriff is subject to state-law actions "to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law." Boshell v. Walker County Sheriff, 598 So.2d 843, 844 (Ala. 1992) (citing Parker v. Amerson, 519 So.2d 442, 445 (Ala. 1987)). The alleged conduct here certainly seems to fall within this exception, so a state court could have awarded Murphy injunctive relief.

If this court entertained Murphy's procedural-due-process claim, it would foreclose the state's ability to

11

remedy "the procedural failings of its subdivisions and agencies in the appropriate fora--agencies, review boards, and state courts." Pate, 20 F.3d at 1560. "The appropriate forum for addressing [Murphy's] claim is not a federal court but [an Alabama] state court possessing the ability to remedy the alleged procedural defect; that forum might well have prevented a violation of [Murphy's] procedural due process rights." Id. 1561.

Thus, Murphy has not stated a claim for a violation of his procedural-due-process rights. Accordingly, his objection to the magistrate judge's recommendation to dismiss his procedural-due-process claim under the Fourteenth Amendment will be overruled.


## C. Fourth Amendment

The Eleventh Circuit has held that any claims involving mistreatment of pretrial detainees while they are in custody are governed by the due process clause of the Fourteenth Amendment. Cottrell v. Caldwell, 85 F.3d

12

1480, 1490 (11th Cir. 1996).  Therefore, the magistrate judge did not err in concluding that the Fourth Amendment claims are due to be dismissed.


### D. Punitive Damages

Franklin and Bowers argue that punitive damages are barred by the Eleventh Amendment because they are executive officers of the State.  Although punitive damages are not available against state officers being sued in their official capacities, see Colvin v. McDougall, 62 F.3d 1316, 1319 (11th Cir. 1995), they are available against such officers being sued in their individual capacities under § 1983.  See Wade v. Smith, 461 U.S. 30, 35-36 (1983).  This suit is against Franklin and Bowers in their individual capacities.  Therefore, their motion to dismiss will be denied as to the request for punitive damages.


***

13

For the foregoing reasons, it is ORDERED as follows:

(1) Plaintiff Jason Murphy's objections (Doc. No. 13) are sustained in part and overruled in part.

(2) The magistrate judge's recommendation (Doc. No. 12) is adopted in part and rejected in part.

(3) Plaintiff Murphy is granted leave to amend his complaint within 14 days, but only with respect to his Fourteenth Amendment substantive-due-process claim.

(4) Defendants Bill Franklin and Gary Bowers's motion to dismiss (Doc. No. 7) is granted as to plaintiff Murphy's Fourth Amendment, Fifth Amendment, and Fourteenth Amendment procedural-due-process claims and is denied as to plaintiff Murphy's Fourteenth Amendment substantive-due-process claim and claim for punitive damages arising from that claim. Defendants Franklin and Bowers may renew their motion to dismiss as to the Fourteenth Amendment substantive-due-process claim when plaintiff Murphy has amended his complaint.

14

It is further ORDERED that this cause is referred back to the magistrate judge for further appropriate proceedings.

DONE, this the 28th day of March, 2007.


        /s/ Myron H. Thompson
        UNITED STATES DISTRICT JUDGE